GREATER NEW YORK FEATHER COMPANY, Respondent, *v.* THE DIAMOND COAT FRONT and PAD COMPANY, Appellant, and BESSIE STEINBERG and LOUIS FORMAN, Doing Business under the Firm Name and Style of STEINBERG & FORMAN, Defendants.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Negligence — when evidence insufficient to establish — landlord and tenant — damages to goods of tenant — when judgment reversed and new trial granted.

Where tenants of a floor in a loft building are sued for damages to the goods of the tenant of the next floor below caused by water from an open faucet, the defendants are entitled to show that there was another who also used the faucet in common with them and the exclusion of such testimony is reversible error where there is no evidence to identify the person who either opened or failed to close the faucet; it was also error to deny a motion to dismiss the complaint and to refuse to charge the jury at defendants' request that the leakage of the water, as claimed by plaintiff, did not of itself constitute a presumption of negligence.

Inasmuch as the evidence was insufficient to establish which of the defendants was guilty of the negligence which caused the injury to plaintiff's goods, it was entitled to judgment against either of the defendants, and a judgment in its favor and an order denying a motion for a new trial will be reversed and a new trial granted.

APPEAL by the defendant Diamond Coat Front and Pad Company, from a judgment of the City Court of the city of New York for the sum of $500 and costs, after a trial before the court and a jury, and from an order denying appellant's motion to set aside the judgment and for a new trial.

Prince & Nathan (Alfred B. Nathan and Sydney J. Loeb, of counsel), for appellant, the Diamond Coat Front and Pad Company.

I. Gainsburg (Joseph P. Segal, on the brief), for respondent.

WHITAKER, J.   The plaintiff was a tenant and occupant of the third floor of a loft building in Bleecker street, Manhattan.

All the defendants were tenants and occupied in common the fourth floor of the same building immediately over the loft occupied by plaintff, and had the joint and common use of the sink and water faucet from which the water flowed which is alleged to have damaged plaintiff's goods.

The defendants offered evidence tending to show that there was also another firm by the name of Lewis Brothers who used the floor and water faucet in common with all the defendants.   This evidence was excluded by the court upon objection by plaintiff and an exception was taken to such exclusion.   There was no evidence to identify the person who opened or failed to close the faucet from which the water flowed, although there were many persons in the employ of both defendants who had the common right to use the faucet.   At the close of plaintiff's case a motion to dismiss the complaint was made upon this ground, which, however, was denied and an exception taken to the denial.

The court ruled through the entire course of the trial, and by its charge instructed the jury, that the flow of water from the loft occupied by the defendants in common created the presumption that all of defendants were jointly liable to plaintiff for negligence.

Supreme Court, Appellate Term, December, 1916.     [Vol. 97.

The defendant-appellant, the Diamond Coat Front and Pad Company, requested the court to charge the jury " that the leakage of the water as claimed by the plaintiff does not of itself constitute a presumption of negligence upon the part of the defendant, the Diamond Coat Front and Pad Company," which request was refused, and to which refusal an exception was taken. We are of the opinion that not only was it error to refuse this request to charge, but that the entire case was tried upon the erroneous theory that it was not necessary to identify the particular defendant whose negligence caused the injury to plaintiff's goods, but that there was a presumption that they were all liable. While the facts proved by the plaintiff upon the trial were perhaps sufficient to bring the case within the maxim of *res ipsa loquitur* so far as to create a presumption that the injury to plaintiff's goods was the result of negligence, there is not sufficient evidence to establish which of the defendants was the negligent party.

Each of the defendants was liable only for his own negligence, and neither defendant should be liable for the negligence of the other, and, inasmuch as there was not sufficient evidence to establish which of the defendants was guilty of the negligence that caused the injury to plaintiff's goods, the plaintiff was not entitled to judgment against either. *Wolf* v. *American Tract Society,* 164 N. Y. 30.

We think it was error to exclude the evidence offered by the defendant-appellant tending to show that the loft from which the water came was occupied by the firm of Lewis Brothers in common with the defendants. We also think it was error to deny the motion to dismiss; and also error to refuse the request to charge herein referred to.

Judgment and order should be reversed and a new

trial granted, with costs to the defendant-appellant to abide the event.

Lehman and Finch, JJ., concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.